## (June 29, 1973)

In the Matter of JULIAN JAWITZ, Respondent, v. ISABEL R. DODD et al., Constituting the Nassau County Board of Elections, Respondents, and FRANKLIN H. ORENSTEIN, Appellant.—In a proceeding to invalidate petitions designating appellant as the candidate of the Democratic Party in the General Election to be held on November 6, 1973 for the public office of County Supervisor from the City of Long Beach, the appeal is from so much of a judgment of the Supreme Court, Nassau County, entered June 22, 1973, as denied appellant's motion to dismiss the petition herein and directed that appellant's name be stricken from the ballot for said office. Judgment affirmed insofar as appealed from, without costs. The result of the ousting of appellant as a candidate does not disenfranchise the political party involved, because the committee on vacancies can substitute a nominee in his place and stead, as all the parties agreed on the argument of this appeal. In view of our determination, we do not reach the question of the constitutionality of the two-year residence requirement in the Long Beach City Charter. Rabin, P. J., Hopkins, Shapiro, Brennan and Benjamin, JJ., concur.

## THIRD DEPARTMENT, JUNE, 1973

## (June 1, 1973)

GEORGE SZARY, SR., et al., Petitioners, v. TEMPORARY NEW YORK STATE COMMISSION OF INVESTIGATION, Respondent.— Order of Special Term, insofar as it effects a modification of the subpoenas issued by respondent, stayed pending appeal pursuant to CPLR 5519 (subd. [c]). The modification of the subpoenas, even after notice had been given, was an abuse of discretion in view of our decision in *Matter of McArdle* v. *Temporary N. Y. State Comm. of Investigation* (41 A D 2d 401) in which the same grounds, advanced for similar relief, were rejected. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.